STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| In re: Unified Buddhist Church, Inc., | } | |
| Indirect Discharge Permit | } | Docket No. 253-10-06 Vtec |
| (Appeal of Lull's Brook Watershed | } | |
| Association, <u>et</u> <u>al.</u>) | } | |

### Decision and Order on Motion to Alter or Amend

Appellants Lull's Brook Watershed Association, John Zelig, Amy Zelig, Peter Gordon, Sterling R. Monk, Marion Monk, and Heidi Luquer (Appellants) appealed from a decision of the Agency of Natural Resources to grant renewal Indirect Discharge Permit ID-9-0271 (2006) to Appellee-Applicant Unified Buddhist Church, Inc. (Unified Buddhist). Appellants are represented by David Grayck, Esq.; Appellee-Applicant is represented by Hans Huessy, Esq.; the Vermont Agency of Natural Resources (ANR) is represented by Catherine Gjessing, Esq.; and movant Vermont Natural Resources Council (VNRC) is represented by Jon Groveman, Esq.

VNRC has moved to alter or amend the Court's May 11, 2007 decision and order in which the Court conferred amicus curiae status on VNRC, but declined to grant it standing as an intervenor. VNRC renews its request that the Court grant VNRC intervenor status as a "person aggrieved" in this appeal pursuant to 10 V.S.A. § 8504(n)(4). VNRC's motion focuses on <u>In re: CCCH Stormwater Discharge Permits</u>, No. WQ-02-11 (Water Res. Bd.[1]

---

[1] Prior decisions of the former Water Resources Board are to be given "the same weight and consideration" as prior decisions of this Court. 10 V.S.A. 8504(m).

Order, Mar. 21, 2003), a decision addressing the requirements for standing to participate in an appeal of a discharge permit.

However, In Re: CCCH Stormwater Discharge Permits was decided approximately two years prior to the effective date of the statutory provision at issue in this appeal, 10 V.S.A. § 8504,[2] which substantially amended the statutory requirements for appeals of this type, including the provisions for standing. When CCCH was decided, the statutory standing requirement (former 10 V.S.A. § 1269) provided that any "person or party aggrieved" by a decision of the ANR could appeal, without a definition of that term. The 2004 amendments, codified at 10 V.S.A. § 8504(n) and 10 V.S.A. § 8502(7), made the standard more specific and therefore more stringent, requiring a party seeking standing as a "person aggrieved" to show "an injury to a particularized interest protected by the provisions of law listed in section 8503 of this title, attributable to an act or decision by . . . the secretary that can be redressed by the environmental court . . . ." 10 V.S.A. 8502(7).

To date there has been very little discussion in decisions of this Court, and none from the Supreme Court, of the "person aggrieved" standard, as defined in 10 V.S.A. § 8502(7). This Court's decision regarding party status in In re: Entergy Nuclear/Vermont Yankee Thermal Discharge Permit Amendment, Docket No 89-4-06 Vtec, slip op. at 5-10 (Vt. Envtl. Ct., Jan. 9, 2007) (Entergy) examined the issue in the context of an appeal of a direct discharge permit issued pursuant to the federally-delegated National Pollutant Discharge Elimination System program. In Entergy, as here, the question was not whether individual members of a group had standing as persons aggrieved, but rather, whether the group itself had standing. Id.

To determine whether VNRC, the organization, is a person aggrieved, we must

---

[2] This section of the so-called "permit reform" legislation was adopted by 2003 Adj. Sess., No. 115, § 74 (approved May 13, 2004), and took effect on January 31, 2005.

2

apply the organizational standing test set forth in Parker v. Town of Milton, 169 Vt. 74, 78 (1998). See id. As discussed in the Court's May 11, 2007 Decision and Order in the present case, the Court must examine whether 1) "its members have standing individually; 2) the interests it asserts are germane to the organization's purpose; and 3) the claim and relief requested do not require the participation of individual members in the action." Parker, 169 Vt. at 78.

As of the May 2007 decision on VNRC's motion to intervene, VNRC had not submitted any information about its individual members' standing; the Court therefore determined that the Parker test had not been satisfied. See In re Unified Buddhist Church, Inc. Indirect Discharge Permit, Docket No. 253-10-06 Vtec, slip op. at 7 (Vt. Envtl. Ct., May 11, 2007). The Court instead allowed VNRC to participate as amicus curiae on the legal issues in the motion regarding the scope of the proceeding.

By the present motion, VNRC has essentially renewed its motion to intervene and has submitted additional information in support of that motion. It has submitted the affidavits of two of its members, Judith Eve Zemel and Gail W. Holmes. Ms. Zemel's affidavit states that she is a resident of Hartland and is a member of VNRC, that she has "used and enjoyed Lulls Brook because it is in [her] neighborhood." Ms. Zemel's affidavit further states that she has cross-country skied and hiked along the banks of Lull's Brook and that she is concerned that the discharge proposed by the Unified Buddhist Dharma Center will "pollute Lulls Brook and interfere with [her] use and enjoyment of the Brook." Ms. Holmes' affidavit states that she is a resident of Hartland and also a member of VNRC. Ms. Holmes states that she has "used and enjoyed Lulls Brook by enjoying its beauty, the wild life [sic] viewing it provides, walking and biking by it, [and] sitting next to it for relaxation." Ms. Holmes further states that she is also concerned that the proposed discharge at issue in this appeal will pollute the Brook and interfere with her "use and enjoyment of the Brook."

Based upon these affidavits, it appears that Ms. Zemel and Ms. Holmes would qualify for individual standing, based on their personal use and enjoyment of Lull's Brook because the discharge that is the subject of this appeal could potentially injure those interests, Parker, 169 Vt. at 77-78 (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992); Hinesburg Sand & Gravel Co. v. State, 166 Vt. 337, 341 (1997)), and their claimed injuries would be redressable by this Court in this proceeding. Entergy, slip op. at 7-8.

As for the remaining two elements of the Parker test, the interest VNRC asserts in this appeal — preventing discharge from entering Lull's Brook and adversely affecting it — is germane to the organization's purpose of protecting Vermont's natural resources by promoting preservation and conservation of the state's natural resources.[3] Finally, the relief requested by VNRC — the denial of the renewal permit — does not "require the participation of [the organization's] individual members in the action." Parker, 169 Vt. at 78. In fact, as noted in Entergy, slip op. at 8, from the standpoint of judicial efficiency it may be helpful to the Court to have the "organization represent the interests of its individual members, rather than having a potentially large number of those individuals all participating individually. Compare 10 V.S.A. §§8502, 8504 with 24 V.S.A. §4465(4) (group must designate one person to serve as representative)."

Based upon the new evidence submitted in support of VNRC's motion to alter or amend, considered together with the evidence previously submitted with its original motion to intervene, VNRC has now demonstrated that it meets the organizational standing test in Parker and that it qualifies as a "person aggrieved," as defined in 10 V.S.A. § 8502(7).

---

[3] As noted in the May 11, 2007 Decision and Order, at page 2, n. 1, these purpose statements were taken from the descriptions of the bylaws in VNRC's original Memorandum in Support of its Motion to Intervene because the bylaws have not been provided in full to the Court.

4

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that VNRC's Motion to Alter or Amend is GRANTED and the Court's May 11, 2007 Order is altered to allow VNRC to intervene in this appeal as a "person aggrieved" pursuant to 10 V.S.A. § 8504(n)(4).

Done at Berlin, Vermont, this 15th day of August, 2007.

_____
Merideth Wright
Environmental Judge